5]                    JANUARY TERM, 1921.                    9

State ex rel. Badger Tel. Co. v. Rosenow, 174 Wis. 9.

STATE EX REL. BADGER TELEPHONE COMPANY and another,
Respondents, vs. ROSENOW, Appellant.

*March 9—April 5, 1921.*

*Corporations: Articles of organization: Conflict with statute:
Election of officers.*

Under sec. 1776, Stats., providing that the directors of stock
corporations "shall choose one of their number president and
such other officers as the corporate articles and by-laws
require," all officers designated by the articles or by-laws are
to be elected by the directors, and a provision of the charter
or articles of organization of the corporation for their elec-
tion by the stockholders is in conflict with the statute which
governs the election.

APPEAL from a judgment of the circuit court for Wauke-
sha county: MARTIN L. LUECK, Circuit Judge. *Reversed.*
*Mandamus.*

For the appellant there was a brief by *Shannon & Cronin*
of Oconomowoc, attorneys, and *Sawyer & Sawyer* of Hart-
ford, of counsel; and the cause was argued orally by *T. T.*
*Cronin* and *A. D. Shannon.*

For the respondents there was a brief by *Russell & Foote*
of Hartford, and oral argument by *J. J. Foote* and *J. C.*
*Russell.*

ROSENBERRY, J.  By consent of the parties the allegation
of the answer that sec. 2, art. 4, of the charter of the relator
company provides that officers of the company shall be
elected by a majority vote of the stockholders present at the
annual meeting was to be treated as a part of the petition
and the petition will be regarded as amended in that par-
ticular.  The relator *Damschen* was elected secretary-treas-
urer of the company at a meeting of the stockholders.  The
defendant *Rosenow* claims that the charter conflicts with the
statute, that the statute controls, that the election of *Dam-
schen* was illegal, and that he is entitled to continue in office

until his successor has been elected and duly qualified. The relators brought this action to compel *Rosenow* to surrender the office.

The real question is whether or not the provisions of sec. 2 of art. 4 of the charter of the corporation are in conflict with sec. 1776 of the Statutes, which is as follows:

"The stock, property, affairs and business of every such stock corporation shall be under the care of and be managed by a board of directors who shall be chosen annually by the stockholders from among their number, at such time and place as shall be provided by the articles of organization or the by-laws, and shall hold one year and until their respective successors are chosen, except that when classified by the articles of organization they may be elected and hold accordingly. The directors shall choose one of their number president and such other officers as the corporate articles and by-laws require, for such term as shall be prescribed thereby; and may fill any vacancy in their board, happening after any regular annual election, until the next succeeding election."

The relators claim that the language, "the directors shall choose one of their number president and such other officers as the corporate articles and by-laws require," should be construed as if it read, "the directors shall choose one of their number president and such other officers as the corporate articles and the by-laws may require the directors to choose," leaving it to the articles to determine whether the officers should be chosen by the stockholders or by the directors. We think this is not a correct interpretation of the statute.

This clause of sec. 1776, with but a single change, has been in force in this state since 1853 (sec. 8, ch. 68, Laws 1853). The clause originally read:

"The directors of every such corporation shall choose one of their number to be president, and shall also choose a secretary and treasurer, and such officers as the by-laws of the corporation shall prescribe."

This clause was repeated verbatim in the Statutes of 1858 (sec. 8, ch. 73). In ch. 144, Laws 1872, it appears in its present form. From a consideration of the statute as origi-

nally written it is plain that it was the intent of the legislature to vest the power to choose the officers of a corporation in the board of directors. It was apparently rewritten for the purpose of condensation only. It was the intent of the legislature to require the directors to choose one of their number president and to vest in them the power to choose such other officers as the corporate articles and by-laws might designate. Under the statute the power to elect officers is conferred upon the directors. It is the function of the corporate articles or by-laws to prescribe and designate what officers shall be elected. When designated they are to be elected by the directors. The provision of the charter or articles of incorporation being in conflict with the statute, the statute governs and the stockholders were without power to elect the officers.

The power to elect officers is generally vested in the board of directors of a corporation. 14A Corp. Jur. § 1815; 2 Cook, Corp. (6th ed.) § 603. As amended, the petition stated no cause of action.

*By the Court.*—Judgment of the circuit court reversed, and cause remanded with directions to dismiss the action.