Beckman, Appellant, vs. Bemis-Hooper-Hays Company, Respondent.

*September 13—October 10, 1933.*

For the appellant there was a brief by *Benton, Bosser & Tuttrup,* attorneys, and *A. W. Parnell* of counsel, all of Appleton, and oral argument by *Mr. Roger R. Tuttrup* and *Mr. Parnell.*

For the respondent there was a brief by *Hooper & Hooper* of Oshkosh, and oral argument by *Ed. M. Hooper.*

Rosenberry, C. J.  The defendant is a wholesaler and in the usual course of its business it sold to a retail dealer, Harry De Bruin, certain fireworks of a kind more specifically described in sub. (3) of sec. 340.70, Stats. The dealer, De Bruin, had no permit and it is the contention of the plaintiff that the fireworks so sold to De Bruin were sold in violation of sec. 340.70 (3) (e).  A determination of the question as to whether or not the facts stated show liability on the part of the defendant involves a construction of sec. 340.70, which is in part as follows:

"340.70  *Fireworks regulated.*  (1) The following kinds of fireworks only shall be sold, stored and used in this state, for private or individual use except under a permit issued pursuant to subsection (3): Chinese and domestic firecrackers not more than two inches in length nor more than three-eighths inch in diameter, outside measurements of container; colored fire in covered containers; light torches with lighting ends covered; fountains, flowerpots and display wheels throwing a display, not more than six feet, and uncolored sparklers not more than ten inches in length over all and three-sixteenths of an inch in diameter.  None of the fireworks mentioned in this subsection shall be sold or used at any other time than from the twenty-seventh day of June to the fourth day of July, or the fifth day of July, if the fourth day of July falls on a Sunday, of each year except as provided in subsections (3) and (4), but this provision shall not prevent the sale or distribution of fireworks to retailers by manufacturers or wholesalers prior to the first day of July.

"(2)  Under no circumstances shall any person sell, keep for sale, manufacture or bring into this state for use therein any fire balloon, mortars or cannon, or any explosive cane, toy pistol, toy revolver or other contrivance using explosive caps or cartridges, any Chinese firecrackers more than two inches in length or more than three-eighths inch in diameter,

outside measurements of container, or any article containing a compound of mercury or yellow phosphorus.

"(3) Fireworks other than those specified in subsections (1) and (2) shall be sold, stored and used only if the following requirements are complied with:

"(a) Such fireworks may be used and displayed only in open fields, public parks, private parks, or on rivers, lakes or ponds, by public authorities or by private persons or organizations that have been granted a permit for such display by the Fourth of July commission or the mayor of the city, president of the village or chairman of the town wherein the display is to be given. All persons granting any such permit shall have police power in the enforcement of this section.

"(b) The issuing officers may require an indemnity bond in the sum of five thousand dollars with good and sufficient sureties for payment of all claims that may arise by reason of injuries to persons or property from the handling, use or discharge of fireworks under such permit. Such bond if required shall be taken in the name of the city, village or town wherein the fireworks display is to be given, and any person injured thereby may bring an action on said bond in his own name to recover the damage he has sustained.

"(c) The bond together with a copy of the permit shall be filed in the office of the clerk of such city, village or town. The permit shall be valid for the term of one year from the date of issue unless sooner revoked by the issuing officer for cause. A new permit shall not be issued to any person or organization while any judgment against the applicant for damage growing out of the handling, use or discharge of fireworks remains unsatisfied.

"(d) Such fireworks shall not be stored, kept, sold or discharged within fifty feet of any gasoline pump, gasoline filling station or gasoline bulk station or any building in which gasoline or volatile liquid is sold in quantities in excess of one gallon.

"(e) Any person who at any time sells any such fireworks other than to a person or organization which at the time has and produces an unexpired permit as required by this subsection shall be deemed guilty of a violation of this sec-

tion and shall be liable for all damage caused by such fireworks."

For the purpose of analyzing the section and determining the legal effect to be given thereto, it may be said that the section classifies fireworks into three kinds: (1st) those described in sub. (1) which may be sold between the 27th day of June and the 4th day of July, without a permit, by the retailer to persons who are consumers; (2d) those described in sub. (2) which are not to be sold or kept for sale or manufactured within the state under any circumstances; and (3) those fireworks other than those specified in sub. (1) and (2) which are to be sold, stored, and used only in the event that the terms of sub. (3) are complied with. The fireworks sold by the defendant to the retailer and by the retailer sold to V. L. Beckman, the consumer, and by him exploded under such circumstances that the plaintiff sustained injuries, are fireworks described in sub. (3). The specific question raised is whether or not a wholesaler who sells to a retailer, who has secured no permit under the provisions of sub. (3), makes the sale in violation of the terms of that section. That such sale is in violation of the literal terms of sub. (3) (e) cannot be doubted. By sub. (3) (e) it is provided that any person who at any time sells any such fireworks other than to a person who has been granted a permit is deemed to be guilty of a violation of the section. The defendant falls within the term "any person" and the sale was to De Bruin, a retailer, who had no permit. The question then arises whether or not such a sale is in violation of the provisions of sub. (3). The trial court held, and it is considered correctly, that it was not the legislative intent and meaning to prevent sale of fireworks by manufacturers and wholesalers to retailers unless the retailer procured a permit to use, which is the only kind of permit required. Construed as plaintiff contends

that sub. (3) should be construed, it would require every wholesaler, before making sale to another wholesaler or to a retailer, to ascertain at his peril whether or not the wholesaler or retailer to whom the sale was made had procured a permit to use. While a retailer is within the terms of sub. (3) literally construed, a consideration of sub. (a), (b), and (c) indicates quite clearly that the permit therein described is to be procured by those persons who are to discharge or use the fireworks and who are consumers. Under that subsection, class (3) fireworks may be used and displayed only in open fields, public parks, private parks, or on rivers, lakes, or ponds, by public authorities or private persons or organizations. This clearly has no application to a dealer. Sub. (b) authorizes the issuance of a bond, the bond to be taken in the name of the city, village, or town where the display is to be given, and is for the benefit of any person who may be injured by the discharge of the fireworks. By fireworks "display" is certainly meant a display by setting off and made intentionally by the persons authorized to make it under the subsection and does not contemplate such a display as would occur if the fireworks exploded accidentally while in the possession of a dealer. The obvious purpose of the statute is to limit the use of fireworks to those of the first and third classes, to restrict the discharge of fireworks of the third class to persons who have a permit, and to prescribe the conditions under which those who have a permit may discharge or display the fireworks purchased by them.

A careful analysis of this statute discloses no intent on the part of the legislature to require a permit by a dealer who does not propose to display the fireworks, that is, consume them, but who merely keeps them for sale to persons who may have been granted a permit by the proper authorities. Sub. (e) must therefore be construed as if it contained the following language: "Any person who at any time

sells any such fireworks to be used by the purchaser other than a person or organization which at the time has and produces an unexpired permit," etc. In other words, the regulations with respect to a permit in the discharge of fireworks of the third class were intended by the legislature to apply only to consumers and not to dealers. Therefore a sale by the defendant to the retailer De Bruin was not a violation of the statute. We arrive at this conclusion by the application of elementary and well understood principles relating to the construction of statutes. The statute is to be examined first to discover the legislative purpose, and when that purpose is discovered it is to be so construed as to effect the evident purpose of the legislature if the language admits of that construction. The provisions respecting permits so obviously apply to users and not dealers that we can reach no other conclusion than that the legislature never intended the same to apply to dealers. Had such been the intent of the legislature, sub. (3) (a) should have read: "Such fireworks may be offered for sale or sold or may be used or displayed only in open fields, public parks, private parks, or on rivers, lakes, or ponds," which certainly would have been nonsensical. Therefore when the legislature said in sub. (e) that any person who sells class 3 fireworks to any other than a person who has a permit, it certainly did not have in contemplation that a sale by a wholesaler to a retailer for the purposes of resale would be within the terms of the statute. The permit which is required to be granted is not a permit to resell but a permit to use, which seems to us decisive of the whole controversy.

Consideration of sub. (d), which prohibits the storage, keeping, sale, or discharge of class 3 fireworks within fifty feet of any gasoline pump, etc., strengthens our conclusion. Sub. (d) clearly applies to both dealers and users as does the language of the opening paragraph of sub. (3). The language used is appropriate to express the intent of the

legislature to that effect.  When in sub. (3) (a) the legis-
lature employed the term "used and displayed" and in
sub. (3) (d) the terms "stored, kept, sold or discharged,"
it indicated the distinction between using and selling, keep-
ing and storing quite clearly.  No provision for a permit to
sell, keep, and store is provided for, and it requires a strict
construction of the statute to hold that it was intended to
prevent sales by manufacturers and wholesalers to retailers.
In our view such a result should not be reached in the ab-
sence of a plainly expressed legislative purpose to prohibit
such sales.

No question is raised respecting that part of the order
which overrules the demurrer to the second cause of action.

*By the Court.*—Order affirmed.

NELSON, J. (*dissenting*).  I am unable to concur in the
views of the majority.  The precise question for decision is
whether sec. 340.70 prohibits the sale of such fireworks as
are mentioned in sub. (3) by a wholesaler to a retailer for
resale.

In construing a statute it is the duty of the court to ascer-
tain if possible, from the language of the law itself, con-
struing it according to its common and approved usage, the
meaning which the legislature intended.  *State ex rel. Madi-
son v. Industrial Comm.* 207 Wis. 652, 242 N. W. 321, and
cases cited therein.  When the words of a statute are not
explicit the intention of the legislature may be collected from
the context, from the occasion and necessity of the law, the
mischief sought to be remedied, and the objects sought to
be accomplished.  *State ex rel. Thieme v. Gregory,* 202 Wis.
326, 232 N. W. 546.  In case of uncertain meaning or am-
biguity, recourse may be had to the legislative history of the
statute (*State ex rel. Badger Telephone Co. v. Rosenow,*
174 Wis. 9, 182 N. W. 324; *Wisconsin Granite Co. v. In-
dustrial Comm.* 208 Wis. 270, 242 N. W. 191; *Polzin v.*

*Wachtl,* 209 Wis. 289, 245 N. W. 182; *United States v. Great Northern Ry.* 287 U. S. 144, 154, 53 Sup. Ct. 28; *United States v. Trans-Missouri F. Asso.* 166 U. S. 290, 17 Sup. Ct. 540; Lewis' Sutherland, Statutory Construction, § 471; 59 Corp. Jur. p. 1017, § 605), including amendments to the frame of the bill during its passage. 59 Corp. Jur. p. 1019.

There is no dispute that the legislature classified fireworks as follows: first, those which were considered by it to be harmless, or at least so harmless as to be permitted to be sold and used between the twenty-seventh day of June and the Fourth day of July, or the fifth day of July if the Fourth day of July falls on a Sunday; second, those which it considered so dangerous and hazardous that under no circumstances should they be permitted to be sold, kept for sale, manufactured, or brought into this state for use therein; and third, those which it considered so dangerous that they should not be sold, stored, or used unless certain requirements are complied with.

Sub. (1) obviously deals with the harmless or semi-harmless fireworks enumerated. It seems clear that the legislature intended that such fireworks might be stored without restriction but that they should not be sold by retailers or used except between the twenty-seventh day of June and the Fourth (or fifth) day of July, preserving, however, to manufacturers or wholesalers the right to sell or distribute them to retailers prior to the first day of July.

Sub. (2) deals with certain fireworks which were considered by the legislature to be so dangerous and hazardous as to require that under no circumstances should any person sell them, keep them for sale, manufacture them, or bring them into this state for use therein.

Sub. (3) deals with fireworks other than those specified in sub. (1) and (2). As to such fireworks it seems plain that the legislature intended that they should be sold, stored,

and used only if the requirements of sub. (3) (a), (b), and (c) were complied with.

Sub. (3) (e) is both plain and comprehensive. It provides:

"Any person who at any time sells any such fireworks other than to a person or organization which at the time has and produces an unexpired permit as required by this subsection shall be deemed guilty of a violation of this section and shall be liable for all damage caused by such fireworks."

Construing the language of sub. (3) (e) according to its common and approved usage, it clearly prohibits the sale of any such fireworks by any person at any time other than to a person or organization which at the time has and produces an unexpired permit as required by sub. (3). Such is its clear meaning and such is its force and effect unless it may be said that, looking at the whole act, and to all of its provisions, the legislature did not intend that it should apply to sales to retailers by wholesalers, manufacturers, or distributors.

In the majority opinion it is conceded that "a retailer is within the terms of sub. (3) literally construed" and I assume that the expression "literally construed" means according to its common and approved usage. But the majority opinion states that sub. (3) (e) should not be construed as it is but should be construed as if it contained the following language: " 'Except any person who at any time sells any such fireworks to be used by a purchaser other than a person or organization which at the time has and produces an unexpired permit,' " etc. In other words, "any person" applies only to a retailer. As I view it, the majority opinion renders the statute much less effective than the legislature intended it to be.

Recourse to the legislative history of sec. 340.70 throws much light on the intention of the legislature. Sec. 340.70 was first enacted as ch. 357 by the 1929 legislature. Sub. (1)

of sec. 2 of that chapter (omitting the enumeration of the fireworks which might be sold, stored, and used without restriction which was in all respects identical with the present statute) provided: "The following kinds of fireworks only shall be sold, stored and used in this state without restrictions." All of the other provisions of the original act were identical with the present law. Sub. (1) as originally enacted was amended by the 1931 legislature. (Ch. 386.) The amendment originally offered as substitute amendment No. 1 A to Bill No. 368 A was as follows:

"Section 1. Subsection (1) of section 340.70 of the statute is amended to read: (340.70) (1) The following kinds of fireworks only shall be sold, stored and used in this state, ~~without restrictions~~ for private or individual use except under *a permit issued pursuant to subsection (3);* Chinese and domestic firecrackers not more than two inches in length nor more than three-eighths inch in diameter, outside measurements of container; colored fire in covered containers; light torches with lighting ends covered; fountains, flowerpots, and display wheels throwing a display, not more than six feet, and uncolored sparklers not more than ten inches in length over all and three-sixteenths of an inch in diameter. *None of the fireworks mentioned in this subsection shall be sold or used at any other time than from the first to the Fourth day of July of each year except as provided in subsection (3) and (4)."*

The following amendment to the substitute amendment just quoted was offered by the Committee on Education and Public Welfare: "but this provision shall not prevent the sale or distribution of fireworks to retailers by manufacturers or wholesalers prior to the first day of July."

The original substitute amendment (*supra*) obviously sought to prevent the sale and use of the fireworks "mentioned in this section" at any time before the first day of July or after the Fourth (or fifth) day of July except as provided in sub. (3) and (4). It specifically sought to amend only sub. (1) of sec. 340.70 (1929 Stats.), and the

amendment to the substitute amendment was obviously offered for the purpose of making the provision of the substitute amendment inapplicable to sales by manufacturers and wholesalers. It was the plain intention of the amendment not to subject wholesalers and manufacturers to the provisions of the substitute amendment which sought to prohibit sales of the fireworks mentioned in sub. (1) prior to the first day of July. Another amendment to strike out the words "the first" and substitute the words "the twenty-seventh day of June" was offered. The substitute amendment and the two amendments mentioned were adopted and became ch. 386.

The legislature amended only sub. (1) of sec. 340.70 and left the other subsections (2) and (3) untouched and unamended. Had the legislature intended that manufacturers or wholesalers might sell to retailers such fireworks as are mentioned in sub. (3), it seems reasonable to suppose that it would have made manifest such intention by also amending sub. (3) (e) as follows: "But this section shall not prevent the sale or distribution of such fireworks to retailers by manufacturers or wholesalers." This, however, was not done and it seems to me to be very significant.

The purpose of the legislature in enacting sec. 340.70 was to reduce the ghastly toll of deaths, maimings, and property destruction so generally connected with the indiscriminate sale, distribution, and use of fireworks, preserving, however, the right under certain conditions to have displays of fireworks by private persons or organizations who, in the opinion of the authorities, were entitled to permits. I think sec. 340.70 reasonably construed prohibits sales by wholesalers to retailers of such fireworks as are described in sub. (3). To restrict this statute to sales by retailers, without stopping the source of supply, will make enforcement of the law much less effective than it otherwise would be.

The majority of the court think that the legislature did not intend to interfere with the sale of fireworks by wholesalers and manufacturers to retailers. I think, even under the decision of the court, that such commerce in fireworks between wholesalers and law-abiding retailers has been practically destroyed. A law-abiding retailer will not invest his money in fireworks not knowing that he will have an opportunity legally to dispose of them. A law-abiding retailer will seldom if ever do more than act as the agent of a wholesaler or manufacturer in selling such fireworks, or as the agent of a person or organization having a permit to buy them.

This court may probably not take judicial notice of what I believe is true: that such displays of fireworks as are usually had at Fourth of July celebrations, homecomings, fairs, etc., are almost always furnished and displayed by companies engaged in the business of putting on such displays, with the aid of trained men who know how to discharge them without particular risk to themselves or to others. I think the legislature may well have considered this well known customary practice.

In my opinion the order of the circuit court sustaining defendant's demurrer to the first cause of action should be reversed.

I am authorized to say that Mr. Justice FRITZ and Mr. Justice FAIRCHILD concur in this opinion.