WYMAN and wife, Respondents, vs. UTECH, Appellant.

*December 1—December 30, 1949.*

For the appellant there were briefs by *Smith, Okoneski, Puchner & Tinkham* of Wausau, and oral argument by *Richard P. Tinkham.*

For the respondents there were briefs by *Krueger & Fulmer* of Wausau, and oral argument by *William F. Krueger.*

ROSENBERRY, C. J. On the 9th day of October, 1944, the plaintiffs and the defendant entered into an option contract for the sale and purchase of certain premises. In said contract, after names of the parties, description of the premises, and recitals, it was agreed:

"That the said party of the first part hereby binds herself, her heirs, executors, administrators, or assigns, that she will at any time that the parties of the second part are desirous of purchasing the same, convey to the said parties of the second part, the east forty feet of the premises described for the further consideration of two thousand dollars ($2,000).

"The said parties of the second part may execute the right of purchase at any time within five years from the date of making this agreement.

"It is distinctly agreed and understood that this agreement shall not be in any way binding upon the parties of the second part whereas they shall have to purchase the said premises, but it shall be binding as heretofore stated upon the party of the first part, her heirs, executors, administrators, or assigns, to convey for the sum of two thousand dollars ($2,000) as heretofore mentioned.

"In the presence of:

| "Alex Swiderski | "Ida Utech | (Seal.) |
| "Pearl E. Krueger | "Claude C. Wyman | (Seal.) |
| | "Myrtle Wyman | (Seal.)" |

On the 18th day of October, Claude C. Wyman, hereinafter referred to as the husband, and the defendant went to the office of the draftsman for the purpose of correcting what the defendant claimed was a mistake in the contract made October 9th. Upon a duplicate signed copy of said agreement the following changes were made and signed as appears from Exhibit 4.

"That the said party of the first part hereby binds herself, her heirs, executors, administrators, or assigns, that she will ~~at any time that the parties of the second part are desirous of purchasing the same~~, convey to the said parties of the second part, the east forty feet of the premises described for the further consideration of two thousand dollars ($2,000).

"~~The said parties of the second part may execute the right of purchase at any time within five (5) years from the date of making this agreement~~. *This agreement shall remain in full force and effect for 1 yr after the death of party of 1st part.*"

"It is distinctly agreed and understood that this agreement shall not be in any way binding upon the parties of the second part whereas they shall have to purchase the said premises, but it shall be binding as heretofore stated upon the party of the first part, her heirs, executors, administrators, or assigns, to convey for the sum of two thousand dollars ($2,000) as heretofore mentioned.

"In the presence of:

"Alex Swiderski   "Ida Utech   (Seal.)
"Pearl E. Krueger   "Claude C. Wyman (Seal.)
  "Myrtle Wyman   (Seal.)

*"The corrections & interlineations made this 18th day of October and approved by all parties.*

    *"Ida Utech*
    *"Claude C. Wyman."*

It is alleged in the complaint:

"That thereafter, and on or about the 18th day of October, 1944, the plaintiff, Claude C. Wyman, was called into the office of Alex Swiderski, . . . who was then and there acting as attorney for the defendant, Ida Utech, and requested to sign a statement on the bottom of a duplicate signed copy of said agreement then and there in the possession of the defendant, so that said duplicate signed copy of said agreement, which the defendant then and there had, and has ever since retained and possessed, was altered so as to appear in form and tenor as set forth in 'Exhibit B' attached hereto and made a part hereof."

In the answer of the defendant the following allegations appear:

"Admits that on the 18th day of October, 1944, . . . that certain changes, modifications, and interlineations were made in the written agreement of October 9, 1944, which modifications, changes, and interlineations were made on the duplicate signed copy in the possession of the defendant, Ida Utech, an exact copy of said duplicate signed copy of said agreement being attached hereto and marked Exhibit A."

The material part of the duplicate signed copy is already set out as a part of Exhibit 4. It thus conclusively appears that the modifications, alterations, and interlineations were made on a duplicate signed copy. It was further alleged that the plaintiff Myrtle Wyman had never consented to or ratified said alterations; that the plaintiffs duly tendered the amount of $2,000 and demanded that the defendant perform the contract in accordance with its terms; that the defendant refused to convey the premises described in the option; and it is further alleged that the plaintiffs stand ready, willing, and able to make payment upon delivery of the deed. These allegations are admitted in the answer.

In her answer the defendant alleged that Claude C. Wyman, in signing the alteration heretofore referred to, was acting as agent and representative of Myrtle Wyman; that the alterations were in accordance with the agreement entered into on the 18th day of October contemporaneously with the changes, modifications, and interlineations and were all done by said Claude C. Wyman with the full consent of the plaintiff Myrtle Wyman; and that the plaintiff Myrtle Wyman has since the 18th day of October, 1944, consented to and ratified all of said alterations, changes, and modifications.

An examination of the record discloses that Mrs. Wyman had not authorized her husband to act as her agent in the matter of the alteration of the original agreement, nor do we find any evidence that Mrs. Wyman had subsequently ratified her husband's act in executing the agreement of October 18th.

It is contended that the husband was the apparent agent of the wife. There is no evidence that prior to the execution of the alteration on October 18th that the wife had ever manifested to the defendant, or anyone else, that she had authorized her husband to act for her in this or any other matter. She testified substantially as follows:

I heard that changes had been made on the 18th of October, 1944. I never signed any paper in connection with changes. I first knew about them or heard of them after my husband came back from being in Wausau. Well, that was in 1944, after the deal was made.

On cross-examination she testified substantially as follows:

He did not tell me anything with reference to changes that had been made. He just told me that he was up there with Mrs. Utech. He didn't say what he had done up there. I didn't ask him. I figured that was his business. That was agreeable to me. He handled most of the negotiations with Mrs. Utech about buying the property. "Q. You merely went along on October 9th to sign the mortgage at that time? A. That's right. Q. And that was your only connection with the transaction? A. Yes. When he went to Swiderski's office on October 18, 1944, I didn't know he was going there. He didn't tell me before he went. I did not know why he was going to Wausau that day. I never talked to her myself about the transaction of October 18th."

The testimony of Mrs. Wyman was confirmed by that of her husband. We find nothing in this that would sustain a finding of apparent agency on the part of the husband to act for the wife or anything that would sustain a finding that the agreement of October 18th had been ratified by her. The mere fact that the husband acted for his wife does not prove that he was her agent. See Restatement, 1 Agency, p. 65, sec. 22, and comment.

In the course of the consideration of this case it appeared to the court that the alteration, modification, and interlineation of the contract presented a question which must be decided to reach a conclusion as to the rights of the parties.

The matter not having been dealt with in the original briefs, counsel were requested to furnish briefs upon the following question:

"Does the alteration of the contract dated October 9, 1944, by Ida Utech and Claude C. Wyman under the circumstances of this case, bring it within the doctrine of *Morley-Murphy Co. v. Van Vreede*, 223 Wis. 1?"

In their brief in response to the invitation of the court, counsel for the plaintiff allege that the original signed option in the hands of Mr. and Mrs. Wyman was not so changed or mutilated. It was on Mrs. Utech's typewritten copy that the changes and interlineations were made in ink.

For that reason they claim there was no alteration. However, it is considered that the plaintiffs are bound by the allegations of their complaint which were specifically admitted by the defendant to the effect that the modifications, interlineations, and alterations were made on the bottom of a "duplicate signed copy" of said agreement. No attempt has ever been made to withdraw this allegation and from an examination of the copy of Exhibit 4, attached to the plaintiffs' complaint, it appears that the allegation was advisedly made. Despite the statement in the brief we must treat the alteration as one having been made upon an original.

In *State ex rel. Fenelon v. Graffam* (1889), 74 Wis. 643, 43 N. W. 727, it was held that the word "duplicate" necessarily implies the existence of more than one instrument. It was there held that the presentation of a single application for the construction of a drain, first to the supervisors of one town and then to those of another, was not a compliance with the statute requiring duplicate applications to be presented to the supervisors of the respective towns, nor was the statute complied with by presenting the original application to one board and a copy to another.

The meaning of the word "duplicate" is dealt with exhaustively in *Lorch v. Page,* 97 Conn. 66, 115 Atl. 681; 24

A. L. R. 1204, and an annotation "Meaning of 'duplicate' " beginning on page 1209.

The law is stated thus in 4 Wigmore, Evidence (3d ed.), p. 443, sec. 1233, where it is said:

"Where the writing constituting a bilateral transaction is executed by the parties in duplicate or multiplicate, each of these parts is 'the' writing, because by the act of the parties each is as much the legal act as another. . . . Any one such a duplicate or counterpart, then, may be used without accounting for the nonproduction of any other, because the present rule is satisfied by the production of any one part."

Upon the strength of these authorities it must be held that in this case the making of the modifications, interlineations, and alterations on a duplicate signed copy has full legal effect as if made upon a single original in an ordinary case.

We shall not in this case apply to the full extent the doctrine of *Morley-Murphy Co. v. Van Vreede, supra.* It was there held that any material alteration of a written instrument made after its execution by a party claiming thereunder or with his privity, without the authority or consent of the other party or parties to the instrument, invalidates the instrument in the hands of the party responsible for the alteration, and his assigns, as to all nonconsenting parties.

It is apparent that the so-called modification, interlineation, or alteration as it appears upon Exhibit 4 is more than an alteration. While it is designated in the plaintiffs' complaint as an alteration it certainly is more than that. It is considered that the court should not conclude either of the parties further than by holding that its decision is limited to determining whether the plaintiffs are entitled to specific performance. The fact that Mrs. Wyman did not join in the making of the alteration does not prevent giving legal effect to what her husband did. He having agreed to the alteration or amendment of the contract, he certainly is not entitled to specific performance of the original contract as prayed for in the

plaintiffs' complaint. The alteration does not require a new consideration because it is made upon a duplicate signed copy. Having by this act surrendered his right to performance by the defendant in accordance with the terms of the original contract, he cannot now revoke his act and ask the court to compel the defendant to perform it as to him.

·What the rights, if any, of the parties are in other respects than that the plaintiffs are not entitled to a specific performance of the original contract must be ascertained in another proceeding. While the complaint contains a prayer for such further or other judgment, order, or relief as may seem just and equitable, no other issue was fully tried or presented to the court below or to this court.

*By the Court.*—The judgment appealed from is reversed and the cause remanded.

A motion for rehearing was granted on March 8, 1950.

The following opinion was filed May 2, 1950:

GEHL, J. (*on rehearing*). A motion for rehearing was granted. When the case was originally presented counsel and the court gave only minor consideration to the effect of the alteration made by Claude C. Wyman and the defendant upon Myrtle Wyman's rights under the original option. Accordingly we requested a reargument on that phase of the case.

A re-examination of the facts and further consideration of the questions of law involved compel us to recede from the position originally taken.

Plaintiff, Myrtle Wyman, wife of her coplaintiff, is one of the optionees named in the original contract. She took no part in the transaction of October 18, 1944, when her husband and the defendant altered the instrument. She knew nothing about the fact that changes were to be made or that they had been made until her husband later told her of it. Certainly, it cannot be said that she authorized the changes.

By the option she acquired an interest in the land therein described within the meaning of sec. 240.06, Stats., which

provides that "No estate or interest in lands, . . . . shall be . . . surrendered . . . unless by act or operation of law or by deed or conveyance in writing, . . ." *Telford v. Frost,* 76 Wis. 172, 174, 44 N. W. 835; *Kreutzer v. Lynch,* 122 Wis. 474, 100 N. W. 887; *Wall v. Minneapolis, St. P. & S. S. M. R. Co.* 86 Wis. 48, 56 N. W. 367. To constitute a surrender "by act or operation of law" the "act," "to be effectual, however, . . . must be inconsistent with the continuance of such former estate or interest, and must, moreover, be actually accepted and acted upon by the other, and, in fact, all the parties concerned." *Telford v. Frost, supra.*

Mrs. Wyman did nothing before or after the alteration inconsistent with her asserted claim under the original option, nor is there anything to indicate that the defendant accepted or acted upon any action or omission by Mrs. Wyman. Defendant did not change her position in reliance upon or as the result of the conduct of Mrs. Wyman. There was no surrender of the interest which Mrs. Wyman acquired under the original option.

Defendant contends that Mrs. Wyman ratified the act of her husband in altering the option. But sec. 240.06, Stats., declares void any conveyance or surrender of an interest in real estate by an agent unless authority therefor be given in writing. There was no such authority here.

"Where formalities are requisite for the authorization of an act, its affirmance must be by the same formalities in order to constitute a ratification." Restatement, 1 Agency, p. 230, sec. 93.

The formality of a writing required for authorization is absent here as is the same formality required under the rule of ratification.

The doctrine of estoppel does not operate to permit the court to read ratification out of Mrs. Wyman's conduct. She did nothing, affirmative or negative, to induce the defendant to change her position to her prejudice.

The alteration of the option made by her husband without the authority of Mrs. Wyman did not affect the interest she acquired under the option. *Wanta v. Perszyk,* 207 Wis. 282, 240 N. W. 183, 241 N. W. 377. She retained her rights under the original instrument and as a joint optionee may maintain specific performance with or without joining her husband as plaintiff even though it might be considered that he has repudiated the contract. 58 C. J., Specific Performance, p. 1128, sec. 435; *Schaeffer v. Herman,* 237 Pa. 86, 85 Atl. 94.

It follows, therefore, that the learned trial judge was right in the statement contained in his memorandum decision:

"The same [the alteration] being void as to the plaintiff, Myrtle Wyman, then she has the right to insist upon the terms of the original agreement dated October 9, 1944, and the situation is not altered because her husband might also benefit thereby. She has a right to insist upon the terms of the option dated October 9, 1944, and it is immaterial that the property must be conveyed to her husband, as well as herself."

What has been said disposes of defendant's counterclaim which in effect demands no more than that the court declare hers the correct construction of the effect of the alteration.

*By the Court.*—Upon the grounds stated the former decision reversing the judgment is found to be erroneous. The previous mandate is withdrawn. The judgment appealed from is affirmed.