ROBERT C. ZIMMERMAN, Secretary of State
You request my opinion concerning the extent to which the amendments to secs. 409.401 (1) (c) and 409.403 (1), Stats., enacted by ch. 215, Laws of 1973, have changed the filing requirements and procedures of your office relating to the perfection of security interests under those provisions of ch. 409, Stats., the Uniform Commercial Code — secured transactions. *Page 440 
As a general rule, in order for a security interest to be perfected under ch. 409, Stats., a financing statement must be filed. Sec. 409.302, Stats. Section 409.401 (1), Stats., sets forth the place to file in order to perfect a security interest. Prior to amendment by ch. 215, Laws of 1973, sec. 409.401 (1) (c), Stats., required dual filing in the office of the secretary of state and in the office of the appropriate county register of deeds to perfect a security interest, where transactions which were essentially business or commercial were involved. However, ch. 215, Laws of 1973, amended the statute by eliminating the register of deeds filing. The original intent and main purpose of that amendment was described in a legislative council committee note appended to sec. 409.401 (1) when it was proposed as part of 1973 Senate Bill 177. That note stated in part:
 "The convenience of local filing for search purposes is offset by the added costs and the inherent dangers of a dual filing system. If a creditor errs in determining the proper county of local filing under present sub. (1) (c), his filing is ineffective to perfect his security interest, even though he files centrally."
In light of the amendment to sec. 409.401 (1) (c), Stats., current filings under that subsection need only be made in your office in order to perfect the security interest.
Section 409.403 (1), Stats., which sets forth what constitutes filing, was amended by ch. 215, Laws of 1973, to read as follows:
 "409.403 (1) Presentation for filing of a financing statement and tender of the filing fee or acceptance of the statement by the filing officer constitutes filing under this chapter. In the case of a filing under s. 409.401 (1) (c), duplicate copies of the financing, continuation or termination statement or statement of assignment or release and twice the fee specified in sub. (5). ss. 409.404 (3), 409.405 (1) and (2) and 409.406 for any service rendered with respect to the statement except the issuance of a certificate under s. 409.407 (2), shall be submitted *Page 441 to the secretary of state. Upon receipt, the secretary of state shall return one copy of the statement filed and one-half of the fee received to the register of deeds of the county of the debtor's residence."
Inasmuch as the register of deeds is no longer the filing officer for the perfecting of security interests under sec. 409.401 (1) (c), Stats., question legitimately arises as to the legislative purpose in requiring that a "duplicate" statement be forwarded to the register of deeds of the county of the debtor's residence together with one-half of the double fee collected.
The portion of sec. 409.403 (1), Stats., emphasized above was not part of 1973 Senate Bill 177 as originally introduced by the legislative council but was added by amendment to the bill. Its adoption as part of ch. 215, Laws of 1973, was probably motivated in part by the fiscal note to the bill. This note indicated that the removal of duplicate UCC filings from the register of deeds offices would result in a significant decrease in local revenues only a part of which would be reflected by increased revenues in the secretary of state's office occasioned by increased record searching services.
You have expressed the view that the copies of statements forwarded by your office under sec. 409.403 (1), Stats., have little, if any, purpose other than to furnish "financial audit" information for the various registers of deeds and that such "filings" are not governed by all of the other provisions of ch. 409, Stats. I do not fully agree with your conclusion.
Quite clearly, the submittal of the duplicate statement to the register of deeds is in no way required for the perfection, continuation, termination, assignment or release of security interests subject to sec. 409.401 (1) (c), Stats. Therefore, in a sense, the duplicate copy forwarded to the register of deeds under sec. 409.403 (1), Stats., is similar to the informational memoranda evidencing the notation of a security interest upon the certificate of title of a vehicle, which is required by sec.342.20 (3), Stats., to be forwarded by the Wisconsin Department of Transportation to register of deeds for *Page 442 
filing in their office. However, as stated in sec. 409.403 (1), Stats., the fees under that provision are related to services rendered with respect to filed statements. By requiring twice the fee specified "for any service rendered with respect to the statement" and requiring that a duplicate statement and one-half the fee be forwarded to the register of deeds, I conclude that the legislature intended that the register of deeds would perform filing and indexing functions in his office similar to those performed in the secretary of state's office, for which he should receive compensation. A double fee was not specified in regard to the issuance of certificates of filing or certified copies under sec. 409.407 (2), Stats., since those functions are performed by the filing officer and the register of deeds performs no function under that statute in reference to filings under sec. 409.401 (1) (c), Stats.
You further inquire as to what constitutes a "duplicate copy" within the meaning of sec. 409.403 (1), Stats. In 20 OAG 167 (1931), this office considered a provision of the statutes similar to that language which was added to sec. 409.403 (1), Stats., by ch. 215, Laws of 1973, except that the duplicate papers were filed with the register of deeds and he forwarded one duplicate to a local municipal clerk. At page 169 the following is stated:
 "`Duplicate' means a document which is essentially the same as some other instrument — not a mere copy thereof; State ex rel. Fenelon et al. v. Graffam et al., (1889) 74 Wis. 643, 43 N.W. 727. `Duplicate' means to double, repeat, make, or add a thing exactly like a preceding one. `Reproduce exactly' is a synonym."
In my opinion, the duplicate statements required by law to be filed with your office must be such that either copy could be filed with you with the same effect as an original. This means that such "duplicate copies" should be duplicate originals or, in the case of a security agreement or financing statement, comply with sec. 409.402 (1) (b), Stats., which provides that:
 ". . . An accurate reproduction of the security agreement or the financing statement, certified to be a true copy by the *Page 443 
secured party, public officer or notary public, or a carbon copy bearing signatures appearing by carbon impression, may be filed."
You indicate that under your current method of operation you have some difficulty in ascertaining the debtor's county of residence, since provisions such as sec. 409.402 (1) (a), Stats., which sets forth the formal requisites of a financing statement, only require that the debtor's mailing address be shown.
Under sec. 409.403 (1), Stats., your office has the duty to ascertain the debtor's county of residence so that copies of the statement will be forwarded to the proper county. Such duty cannot be delegated to the local registers of deeds. However, your office is also authorized to prescribe standard forms for use in filing such statements. Under the circumstances, the difficulty you describe can be remedied by requiring that the forms filed with your office, standard or otherwise, identify the county of residence of each debtor.
You further inquire concerning whether your office should require county filing numbers where a statement relates to a financing statement filed prior to the enactment of ch. 215, Laws of 1973. You point out that if the filing is anything other than a financing statement, the statutes require that the document "set forth," "contain" or "identify" the original statement by "file number." Secs. 409.403 (3), 409.404 (1), 409.405 (2) and409.406, Stats. Although such provisions clearly require the filing to identify the file number previously assigned by the secretary of state, they do not as clearly require the county number which may have been assigned the financing statement under the old dual filing system. However, as pointed out in sec.990.001 (1), Stats., in construing statutes the singular includes the plural, and in light of the local informational filing requirement introduced by the amendment to sec. 409.403 (1), Stats., and the need to identify a subsequent filing with the original financing statement in order for such filing to be meaningful, it is my opinion that the county filing office and number assigned the financing statement by the register of deeds should be noted where a filing relates to a statement previously filed under the dual filing system in existence prior to the adoption of ch. 215, Laws of 1973. *Page 444 
Finally, you request my comments concerning how your office should operate under the provisions of sec. 409.403 (1), Stats., where the statement filed with your office refers to several debtors residing in different counties.
While sec. 409.403 (1), Stats., clearly covers filings where all the debtors named in the statement reside in the same county, the statute is admittedly more difficult to apply and implement where the statement relates to debtors residing in different counties. However, a statute should be examined to discover the legislative purpose and then be construed so as to effect the evident purpose of the legislature, if its language admits of such construction. Pella Farmers Mut. Ins. Co. v. HartlandRichmond Town Ins. Co. (1965), 26 Wis.2d 29, 41, 132 N.W.2d 225;Beckman v. Bemis-Hooper-Hays Co. (1933), 212 Wis. 565, 571,250 N.W. 420.
One apparent legislative purpose in adopting sec. 409.403 (1), Stats., was to provide for informational filings at the county level by requiring that the secretary of state return a duplicate copy of each statement to a debtor's county of residence. In the instance where the statement names two or more debtors having residence in different counties, it is clear that the legislative mandate to your office to forward one copy to the debtor's residence cannot be met unless the statute can be construed, as I believe it must, to require the filing with your office of sufficient duplicate copies to enable you to return one copy to each county involved.
It is also apparent that by requiring the secretary of state to collect twice the uniform filing fee and forward one-half of such fee to the register of deeds of the county of residence, the legislature intended that the register of deeds would receive the same payment for filing and indexing his copy of the statement as that retained for such services by the secretary of state. Regardless of what may have been intended, however, the legislature clearly authorized the secretary of state to exact only twice the uniform fee for each filing. The statutory language chosen by the legislature governs and we are not free to determine whether the legislators would have enacted different provisions if they had given greater attention to the application of the statute upon particular facts. State ex rel. Neelen v.Lucas (1964), 24 Wis.2d 262, 268, 128 N.W.2d 425. *Page 445 
Since you are entitled to retain one-half of such fee for your filing and indexing services, only the remaining one-half is available for distribution to registers of deeds. Where the statement involves two or more debtors having residence in different counties, such one-half fee cannot be arbitrarily forwarded to only one of the counties. Since the register of deed's office in each county will perform the same services in filing and indexing such statement, except where more than one name must be indexed, each register of deeds is at least entitled to such proportionate share of the one-half fee as is represented by the services he must render in respect to such statement. In this manner the legislative intent is implemented to the extent that such implementation is possible under the provisions of the statute.
RWW:JCM